"STIPULATED CONSENT JUDGEMENT"

COLORADO CASE

J

1. A copy of the notice of complaint (with email headers) that was sent to Micfo's abuse department concerning the alleged violation. I just need one sample for each IP subnet. For example, they alleged that a user with IP address 207.189.30.149 accessed 'Hellboy' on 2019-10-01 00:56:03. I would like to see the notice of complaint they sent to Micfo for this alleged violation.

Thanks,

John

From: Kerry Culpepper <kculpepper@culpepperip.com>
Sent: Tuesday, September 7, 2021 6:56 PM
To: John Radeck <john.radeck@hoodlaw.com>
Subject: RE: Millennium Finding v. MICFO, LLC [Rule 408]

Rule 408 Communication

John,

Here is a proposed stipulated consent judgment to put into effect what I propose.
Since you wish to avoid filing third party complaint against the subscribers, this stipulated judgment can provide for assignment of the claims to the Plaintiffs. However, we would still have to file the actions against the subscribers in the name of (assignee of Micfo) and need Micfo's cooperation. Hopefully I could get all the necessary documents to support the case before hand.

But at least this way we could end the case in one swoop.

Of course I still need the subscriber names and we would need to agree on a full settlement agreement. It would need to be signed by Mr. Golestan and the trustee.

Regards,
KSC

From: John Radeck <john.radeck@hoodlaw.com>
Sent: Tuesday, September 7, 2021 3:55 AM
To: Kerry Culpepper <kculpepper@culpepperip.com>
Subject: RE: Millennium Finding v. MICFO, LLC

Hi Kerry,

I will follow up with my client again to see what progress he has made in reviewing the log you provided. I am available to discuss the case at your convenience. Give me a call anytime. 843-577-1203.

Best, John

From: Kerry Culpepper <kculpepper@culpepperip.com>
Sent: Friday, September 3, 2021 2:32 PM
To: John Radeck <john.radeck@hoodlaw.com>
Subject: RE: Millennium Finding v. MICFO, LLC

Rule 408 Communications
Hello John,

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1594

MILLENNIUM FUNDING, INC., *et al*,

    Plaintiffs,

v.

MICFO, LLC,

    Defendant.

## STIPULATED CONSENT JUDGMENT

As attested to by the below signatures of counsel for Plaintiffs MILLENNIUM FUNDING, INC., 211 PRODUCTIONS, INC., BEDEVILED LLC, BODYGUARD PRODUCTIONS, INC., DAY OF DEAD PRODUCTIONS, INC., FAMILY OF THE YEAR PRODUCTIONS, LLC, HUNTER KILLER PRODUCTIONS, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MILLENNIUM SPVH, INC., MON, LLC, RAMBO V PRODUCTIONS, INC., SF FILM, LLC, VENICE PI, LLC, and VOLTAGE HOLDINGS, LLC ("Plaintiffs") and Defendant MICFO, LLC. (Defendant and Plaintiff collectively, the "Parties"), this matter comes before the Court on the Parties' joint Stipulated Consent Judgment.

Plaintiffs have filed a Complaint alleging that that Defendant is secondarily liable (under material contribution and vicarious infringement) for its subscribers' direct

20-022D

infringements of their copyrights in violation of 17 U.S.C. §§ 106 and 501 and seek damages and injunctive relief. Complaint [Doc. #1] at ¶2.

The Parties, after extensive investigation including informal discovery and fruitful discussions, now appear, through counsel to fully and finally resolve all claims between them and the matters before the Court and have moved for entry of this Stipulated Consent Judgment.

WHEREFORE IT IS HEREBY STIPULATED AND ORDERED for all matters relevant to this case between the Parties as follows:

1.  The Parties agree that the Court has personal jurisdiction over them and venue is proper.

2.  The Parties agree that Plaintiffs have valid and enforceable copyrights in the original copyrighted motion pictures ("Works") as identified in Exhibit "1" [Doc. #1-1] of the Complaint.

3.  Plaintiffs have made allegations in their Complaint that certain movie piracy websites originating from outside of the United States promote and distribute copies of their Works, and that some of Defendant's subscribers use Defendant's service to pirate Copyright Claimants' motion pictures in some cases from these movie piracy websites.

4.  Defendant acknowledges that it has received independent legal advice from counsel or has had the opportunity to seek advice from counsel, with respect to the facts and this Stipulated Consent Judgment and that it can legally enter into and agree to this stipulation.

5.  Defendant denies liability. *See* Answer [Doc. #18]. Particularly, Defendant asserts

that its subscribers are responsible for the infringing activity.

6.     Defendant leases servers and provides IP addresses to its subscribers across the United States including in Denver, Colorado. Some subscribers have abused Defendant's service to pirate Plaintiffs' Works.

7.     Although Defendant has used its best efforts to discourage such abuses, Defendant has been unable to eliminate occasional illicit usages due to the difficulty in distinguishing unacceptable from acceptable web accesses among traffic. However, Defendant respects United States intellectual property rights and wishes to prevent its subscribers from using its services for movie piracy.

8.     Defendant covenants that it has legal claims against these subscribers for breaching the terms of service due to the infringements of Plaintiffs' Works on servers the subscribers leased from Defendant.

9.     Defendant agrees to assign these legal claims to Plaintiffs.

10.    Plaintiffs have provided Defendant with a list of notorious movie piracy websites and the Internet Protocol addresses at where these notorious movie piracy websites are hosted so that Defendant can block access to said websites on its servers pursuant to 17 U.S.C. §512(j).

11.    The Parties believe these websites originate from online locations outside the United States, although some use United States services for Content Delivery Network and Domain Name System services. Indeed, the majority of these websites have been mentioned in the "2019 Review of Notorious Markets for Counterfeiting and Piracy" published by the office of the United States Trade Representative. *See*

https://ustr.gov/sites/default/files/2019_Review_of_Notorious_Markets_for_Counterfeiting_and_Piracy.pdf [last accessed on June 23, 2021].

12. Pursuant to stipulation of the Parties, the below Money Judgment and Order is to be entered against Defendant.

13. Plaintiffs agree and covenant not to enforce the money judgment against Defendant beyond monies recoverable from Defendant's subscribers for breach of the terms of service and copyright infringement.

14. The Parties acknowledge and agree that this stipulated consent judgment and a separate settlement are made in good faith and is not the product of any collusion or fraud on the part of the Parties, but rather, is a result of Defendant's inability to pay for a settlement commensurate with its total exposure for this matter due to lack of insurance coverage and other reasons.

15. The Parties give the Court authority to modify the Order and the time period for which it will retain jurisdiction of this Stipulated Consent Judgment.

## MONEY JUDGMENT

A Money Judgment is awarded in favor of Plaintiffs in the amount of $5,700,000 (five million and seven hundred thousand dollars) for damages ($150,000 for each of the 38 motion pictures).

Defendant hereby assigns to Plaintiffs any and all rights it has against its subscribers including but not limited to […list names of subscribers…] arising out of this action including but not limited to breach of terms of service whether founded on contract or tort, to the fullest extent permitted by law and agree to cooperate fully with Plaintiffs in

any proceeding to enforce these assigned claims.

Plaintiffs agree not to enforce the Money Judgment against Defendant beyond what is recovered from Defendants' subscribers.

Defendant's assignment to Plaintiffs shall take priority over any other claims other creditors may have against Defendant to the extent it satisfies the money judgment.

## PERMANENT INJUNCTION

Pursuant to 17 U.S.C. §§512(j)(A)(1)(i), (iii) and (B)(ii), the Court ORDERS Defendant and those under its control to use their <u>best efforts</u> to BLOCK access on its servers or servers under its control to the following domains, including their proxy links, mirror sites, etc. within 30 days of this Order:

| Website Name | Current Domain | Known Proxies | Current IP address |
|---|---|---|---|
| The PirateBay | thepiratebay.org | tpbaysproxy.com, tpbay.link, proxybay.ac, pirateproxy.pm, piratebayproxy.click, bayproxy.top, piratebayproxy.uk, piratebay-proxy.top, piratebay-proxy.info, piratebay-proxy.click, pirate-proxy.link, pirate-proxy.in, pirate-bay.uk, pirate-bay.link, pirate-bay.eu, pirate-bay.click, | 162.159.136.6 |

5

20-023W

| | | thepiratebay.ps | |
|---|---|---|---|
| Rarbg | rarbg.to | | 185.37.100.122 |
| 1337x | 1337x.to | 1337x.se; 1337x.st; x1337x.ws; x1337x.eu; x1337x.se | 185.99.3.14 |
| YTS | yst.mx | yts.ag, yts.lt | Cloudflare IP address |

Defendant shall be considered having complied with this Order if Defendant implements any one or more of the following steps:

(a)   Domain Blocking of the Target Domain Names;

(b)   IP Address blocking or re-routing in respect of the Target IP Addresses;

(c)   URL blocking in respect of the Target URLs and the Target Domain Names; or

(d)   any alternative technical means for disabling access to the Target Online Locations as agreed in writing between the Parties.

The Parties are authorized to serve subpoenas on CloudFlare or any other Content Delivery Network and Domain Name System service provider providing service to the piracy websites to determine the true host Internet Protocol address of said piracy website.

Plaintiffs can supplement or update this list with further movie piracy websites that are mentioned in future versions of the *Review of Notorious Markets for Counterfeiting and Piracy* published by the office of the United States Trade Representative or a website

6

20-023W

that has been found liable for copyright infringement in an appropriate Court in the United States.

Plaintiffs can supplement or update this list at most two times a year unless further updates are accepted by Defendant.

Defendant must **BLOCK** access to the domains associated with the updated list within 30 days of receipt from Plaintiffs or file any objection to the updated list in this Court after the Parties have met and conferred to attempt to resolve any dispute concerning the updated list.

Any third party who asserts an ownership interest in any website and/or IP address on this list or any updated list may make an appropriate motion in this Court after first attempting to meet and confer with Plaintiffs by contacting Plaintiffs' counsel to protect their rights.

Pursuant to 17 U.S.C. §§512(j)(B)(i), the Court ORDERS Defendant and those under its control to adopt a policy that provides for the prompt suspension of service to subscribers for which it receives more than three unique notices of infringement of copyright protected Works within a 72 hour period unless said subscriber makes a counter notification agreeing to jurisdiction in this Court. This suspension can be affected by null-routing the IP address of abuse for 5 days.

### DISMISSAL WITH PREJUDICE OF DEFENDANT

With entry of this Consent Judgment, this matter is terminated with respect to Defendant.

Nothing in this stipulation and order limits the rights Plaintiffs may assert against

Defendant's subscribers or these piracy website operators.  For the avoidance of doubt, the money judgment in this order does not satisfy any claims Plaintiffs have against the subscribers that used Defendant's service for direct infringement or secondary liability for infringement of the copyright in their Works or these website operators.

    This Court will retain jurisdiction for the purposes of enforcing this order.

    Except as provided herein, each party is to bear their own costs and fees.

IT IS SO ORDERED


DATED: September ___, 2021.


| | |
|---|---|
| s/ Kerry S. Culpepper<br>Kerry S. Culpepper<br>CULPEPPER IP, LLLC<br>75-170 Hualalai Road, Suite B204<br>Kailua-Kona, Hawaii 96740<br>Telephone:   (808) 464-4047<br>Facsimile:    (202) 204-5181<br>E-Mail: kculpepper@culpepperip.com<br>Attorney for Plaintiffs | /s/ John O. Radeck, Jr.<br>James Bernard Hood<br>John O. Radeck, Jr.<br>Hood Law Firm, LLC<br>172 Meeting Street, PO Box 1508<br>Charleston, South Carolina 29401<br>Telephone: (843)-577-4435<br>Facsimile:   (843) 722-1630<br>Email: james.hood@hoodlaw.com<br>Attorneys for Defendant |

20-023W

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Andrea M. LaFrance    alafrance@bhfs.com, kmeade@bhfs.com, pchesson@bhfs.com

Airina Lynn Rodrigues    arodrigues@bhfs.com, kmeade@bhfs.com

Laura Bielinski Langberg    llangberg@bhfs.com

    DATED: Kailua-Kona, Hawaii, Sept. __, 2021.

                              CULPEPPER IP, LLLC

                              <u>/s/ Kerry S. Culpepper</u>
                              Kerry S. Culpepper
                              Attorney for Plaintiffs